UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. 3:19cr173 MPS |
| v. | VIOLATION: |
| LEE FERGUSON | 18 U.S.C. § 1956(a)(1)(A)(i) (Money Laundering) |

INFORMATION

The United States Attorney charges:

COUNT ONE
(Money Laundering)

1. At all times relevant, the defendant LEE FERGUSON ("FERGUSON") was the owner and operator of Ferguson Electric and Ferguson Mechanical, both headquartered in Plainville, Connecticut.

2. Between approximately 2013 and 2017 in the District of Connecticut, FERGUSON engaged in a scheme and artifice to defraud employees of Ferguson Electric and Ferguson Mechanical and to obtain money and property from these employees by means of materially false and fraudulent representations and omissions.

3. It was part of the scheme and artifice to defraud that FERGUSON exercised control over DJS Associates, a Florida company that was formed at the behest of the defendant for the purported purpose of performing business-consulting services for FERGUSON and his companies. However, no such services were performed nor did FERGUSON intend for any such services to be performed.

4. It was further part of the scheme and artifice to defraud that FERGUSON exercised control over TPA of Connecticut, a Connecticut company, which acted as the purported third party administrator for the pension plans for the employees of Ferguson Electric and Ferguson Mechanical.

5. It was further part of the scheme and artifice to defraud that FERGUSON wrongfully caused to be deducted approximately $1.60 to $3.15 per hour from each Ferguson Electric employee and Ferguson Mechanical employee's fringe benefits package as a "third party administrator fee" for the employees' pension plans. It was further part of the scheme to defraud that FERGUSON mailed and caused to be mailed various documents relating to the employees' pension plans to TPA of Connecticut. It was additionally further part of the scheme to defraud that FERGUSON mailed and caused to be mailed checks that included the monies wrongfully deducted from the employees' fringe benefits package to TPA of Connecticut. As FERGUSON knew, these funds were not, in fact, used to cover any administrative fees for the employees' pension plans. Instead, this "third party administrator fee" was paid over to TPA of Connecticut, which, in turn, sent the monies to DJS Associates, which was controlled by FERGUSON.

6. It was further part of the scheme to defraud that FERGUSON included the purported "third party administrative fee" on certified payrolls to the Connecticut Department of Labor, and fraudulently omitted to advise his employees that the purported "third party administrator fee" monies were being sent to DJS Associates, which monies were used for FERGUSON's personal benefit.

7.  In furtherance of the scheme and artifice to defraud, FERGUSON used and caused to be used the United States mail by causing checks, which included the monies wrongfully deducted from the employees' fringe benefits package, payable to TPA of Connecticut to be sent in the United States mail to TPA of Connecticut. In addition, and in furtherance of the scheme and artifice to defraud, FERGUSON also used and caused to be used the United States mail by causing documents relating to the employees' pension plans to be sent in the United States mail to TPA of Connecticut.

8.  On or about June 21, 2016, in the District of Connecticut and elsewhere, FERGUSON knowingly conducted and attempted to conduct a financial transaction affecting interstate and foreign commerce, to wit, by causing TPA of Connecticut to issue a check in the amount of $75,000 in Connecticut, and causing that check to be deposited into a bank account ending in #2506 in Florida in the name of DJS Associates at Stonegate Bank, which check involved the proceeds of a specified unlawful activity, that is mail fraud, in violation of Title 18, United States Code, Section 1341, with the intent to promote the carrying on of specified unlawful activity of mail fraud, and that while conducting and attempting to conduct such financial transaction FERGUSON knew that the property involved represented the proceeds of mail fraud.

All in violation of Title 18, United States Code, Sections 1956(a)(1)(A)(i) and 2.

UNITED STATES OF AMERICA

LEONARD C. BOYLE
FIRST ASSISTANT UNITED STATES ATTORNEY

DOUGLAS P. MORABITO
ASSISTANT UNITED STATES ATTORNEY