**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

UNITED STATES OF AMERICA,

*Plaintiff*,

v.

LEE FERGUSON

*Defendant*.

No. 3:19cr173 (MPS)

**RULING ON MOTION FOR COMPASSIONATE RELEASE**

Defendant Lee Ferguson, who is serving a sentence of imprisonment at FCI Schuylkill in Pennsylvania, filed a motion under the First Step Act of 2018 for a reduction in his term of imprisonment due to the dangers posed by the virus that causes COVID-19. ECF No. 50; Pub. L. 115-391, 132 Stat. 5194 (2018) (amending 18 U.S.C. § 3582(c)(1)(A)(i)). The Government has filed a memorandum in opposition. ECF No. 54. I have carefully considered all these materials and Ferguson's medical and other records submitted along with his memorandum. ECF Nos. 50-1, 52. For the reasons that follow, Ferguson's motion is denied.

On July 1, 2019, the Government filed an Information charging Ferguson with one count of money laundering in violation of 18 U.S.C. § 1956(a)(1)(A)(i). ECF No. 1 at 1. On July 31, 2019, Ferguson pled guilty to the charge contained in the Information. *Id.* On January 27, 2020, I sentenced him to 20 months of imprisonment, followed by one year of supervised release. ECF 45. Ferguson has been in continuous custody since his self-surrender on July 28, 2020. ECF No. 49 at 1. The Bureau of Prisons ("BOP") projects his release date to be December 27, 2021.[1]

[1] Federal Bureau of Prisons, *Find an Inmate*, https://www.bop.gov/inmateloc (last visited March 23, 2021).

Section 3582(c)(1)(A) authorizes courts to modify terms of imprisonment as follows:

> [T]he court . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the Warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C. § 3582(c)(1)(A). Under this section, as modified by the First Step Act of 2018, Pub. L. No.115-391, 132 Stat. 5239, I am free "to consider the full slate of extraordinary and compelling reasons that an imprisoned person might bring before [the court] in motions for compassionate release." *United States v. Brooker*, 976 F.3d 228, 237 (2d Cir. 2020) ("Neither Application Note 1(D), nor anything else in the now-outdated version of Guideline § 1B1.13, limits the district court's discretion."). In particular, because Ferguson—and not the BOP—brings this motion, I am not limited by the Sentencing Commission's policy statement applicable to Section 3582(c)(1)(A), *see* U.S.S.G. § 1B1.13, which the Second Circuit recognized as applying only to motions for sentence reduction brought by the BOP. *Brooker*, 976 F.3d at 230 ("hold[ing] that Application Note 1(D) does not apply to compassionate release motions brought directly to the court by a defendant under the First Step Act . . ."; rather, this Guideline "only [applies] to those motions that the BOP has made" under this Act). However, "[r]ehabilitation . . . *alone* shall not be considered an extraordinary and compelling reason." *Brooker*, 976 F.3d at 238 (citing 28 U.S.C. § 994(t)) (emphasis in original).

Therefore, I may reduce Ferguson's term of imprisonment after considering the Section 3553(a) factors if (1) he has fully exhausted his administrative remedies or 30 days have passed from receipt by the Warden of his facility of his request for a sentence reduction, and (2) I find

that "extraordinary and compelling reasons warrant" a reduction of his term of imprisonment.

Ferguson has met the exhaustion requirement because the Warden at FCI Schuylkill denied his request for release on October 08, 2020. ECF No. 52-1 at 2. As to the merits of Ferguson's motion, I find that, when all of the circumstances, including the Section 3553(a) factors, are considered, he has not shown that a reduction of his term of imprisonment is warranted.

Ferguson argues that he has extraordinary and compelling reasons to be released because he is at high risk for serious illness or death from COVID-19 due to his hypertension, prediabetes, and thyroid issues. ECF No. 50-1 at 1. Further, he contends that conditions at Schuylkill are placing him in further danger of contracting COVID-19 because of the amount of positive COVID-19 cases at the prison. *Id.* at 3. I address each of these conditions below after taking account of Ferguson's age.

Ferguson is currently 63 years old. ECF No. 50-1 at 1. According to the Centers for Disease Control and Prevention ("CDC"), "the risk for severe illness from COVID-19 increases with age, with older adults at highest risk."[2] Age-related risk increases on a sliding scale, and the risk of death for persons aged 50-64 years old is "400x" greater than those in the reference group (ages 5-17 years), and the risk of hospitalization is "25x" greater compared to the same reference group while the "greatest risk for severe illness or death from COVID-19 is among those aged 85 or older."[3] Thus, as someone at the tail-end of the 50-64 age range, Ferguson faces a heightened risk of severe illness from contracting COVID-19.

[2] Centers for Disease Control and Prevention, *Older Adults*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/older-adults.html (last visited March 23, 2021).

[3] *Id.* (individuals in the 40-49 year age range face a 15x greater risk of hospitalization and 130x greater risk of death than individuals in the 5-17 year age range. Individuals in the 50-64 year age range face a 25x and 400x greater risk, respectively, compared to the same 5-17 year age range. Individuals in the 65-74 age range face a 35x and 1100x greater risk, respectively, compared to the same 5-17 year age range. Individuals in the 75-84 age range face a 55x and 2800x greater risk, respectively, compared to the same 5-17 year age range and individuals above 85 years face an 80x and 7900x greater risk, respectively, with the same comparison group).

Ferguson's hypertension may also place him at a higher risk for developing serious complications should he contract COVID-19 while incarcerated. According to the CDC, having "hypertension (high blood pressure) . . . might increase [a person's] risk of severe illness from COVID-19."[4] Still, the CDC treats hypertension as a tier two condition—one that *might* increase the risk from COVID-19.[5] Ferguson's medical records show that he has a history of adult-onset hypertension and a current hypertension diagnosis. *See* ECF No. 52 at 14, 32, 40. However, of the two blood pressure readings shown in the medical records he submitted (from August 14, 2020, and September 28, 2020, respectively), one is normal, and the other shows hypertension, with the normal reading being the more recent one.[6] *Id.* at 34. Moreover, Ferguson has been continually treated for his hypertension through medication. *Id.* at 32. Thus, while his risk may be elevated due to hypertension, the hypertension is currently well managed. *See id.* Still, Ferguson may face an increased risk of severe illness from COVID-19 due to his hypertension.

With respect to his prediabetes, it is not clear that Ferguson faces any increased risk of severe illness from COVID-19 under the CDC Guidelines. While it is true that adults with Type 2 diabetes mellitus are at an increased risk of severe illness if they contract COVID-19 and adults with Type 1 diabetes mellitus "might" face an increased risk of severe illness if they contract

[4] Centers for Disease Control and Prevention, *People with Certain Medical Conditions,* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited March 23, 2021).

[5] Centers for Disease Control and Prevention, *Evidence used to update the list of underlying medical conditions that increase a person's risk of severe illness from COVID-19*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/evidence-table.html (last visited March 23, 2021).

[6] Blood pressure measurements fall into four general categories:

> Normal blood pressure is below 120/80 mm Hg.
>
> Elevated blood pressure is a systolic pressure ranging from 120 to 129 mm Hg and a diastolic pressure below 80 mm Hg.
>
> Stage 1 hypertension is a systolic pressure ranging from 130 to 139 mm Hg or a diastolic pressure ranging from 80 to 89 mm Hg.
>
> Stage 2 hypertension is a systolic pressure of 140 mm Hg or higher or a diastolic pressure of 90 mm Hg or higher.

Mayo Clinic, *High Blood Pressure (hypertension)*, https://www.mayoclinic.org/diseases-conditions/high-blood-pressure/diagnosis-treatment/drc-20373417 (last visited March 23, 2021).

COVID-19, the CDC does not categorize "prediabetes" as a risk factor.[7] The CDC states that "[a]n A1C below 5.7% is normal, between 5.7 and 6.4% indicates you have prediabetes, and 6.5% or higher indicates you have diabetes."[8] Ferguson is barely in the prediabetic range, with an A1C level of 5.8%. *Id.* at 49. Moreover, his medical records indicate that he has taken the proper precautions in his diet and exercise to mitigate his risk of developing diabetes, and there is no evidence that his confinement is restricting him from receiving the proper diet or exercise that he requires. *Id.* at 5, 7. Therefore, it is unlikely that his prediabetes places him at a higher risk of severe illness if he contracts COVID-19.

Next, Ferguson notes that he has thyroid issues (hypothyroidism) that may increase his risk of severe illness if he were to contract COVID-19. ECF No. 50-1 at 1. The CDC does not list any thyroid diseases as a significant risk factor that would (or might) increase the likelihood of developing a severe illness from COVID-19.[9] In any event, Ferguson takes medication for his hypothyroidism. *Id.* at 30. Ferguson also provides no evidence to show that his hypothyroidism increases his risk of developing a severe illness if he contracted COVID-19. As a result, I find that he likely does not face any increased risk of severe illness from COVID-19 based on his hypothyroidism.

Finally, Ferguson contends that he faces an increased risk of contracting COVID-19 and severe illness due to the conditions imposed on him at Schuylkill. *Id.* at 3. There are approximately 1,096 inmates at FCI Schuylkill.[10] Out of the 1,099 inmates, there are currently seven inmates who are positive for COVID-19.[11] Additionally, ten staff members are currently positive for COVID-

---

[7] Centers for Disease Control and Prevention, *supra* note 4.
[8] Centers for Disease Control and Prevention, *All About Your A1C*, https://www.cdc.gov/diabetes/managing/managing-blood-sugar/a1c.html (last visited March 23, 2021).
[9] Centers for Disease Control and Prevention, *supra* note 4.
[10] Federal Bureau of Prisons, *FCI Schuylkill*, https://www.bop.gov/locations/institutions/sch/ (last visited March 23, 2021).
[11] Federal Bureau of Prisons, COVID-19 Coronavirus, https://www.bop.gov/coronavirus/index.jsp (last visited

19.[12] These numbers indicate an overall decrease in the number of COVID-19 cases from the beginning of the year when Schuylkill reported 204 inmates testing positive. ECF No. 50-1 at 3. It is unclear precisely what risk is imposed on Ferguson from those inmates and staff who have tested positive, but it is clear that his risk of contracting COVID-19 is heightened by being in close quarters to other inmates with COVID-19.[13] Nonetheless, , this risk is relatively small considering the decrease in positive cases of COVID-19 in FCI Schuylkill, continued measures put in place by the BOP to mitigate risks, and the fact that Schuylkill has now fully vaccinated approximately one-fifth of its inmate population.[14]

While Ferguson may face an increased risk from COVID-19 under the CDC guidelines due to his age, high blood pressure, other medical conditions,[15] and confinement, his risk is not further heightened by serious risk factors that the CDC has recognized, such as obesity, severe asthma, and the like. In any event, I find that the conditions Ferguson presented are insufficient to warrant a reduction in his term of imprisonment when the factors in 18 U.S.C. § 3553(a) are taken into account, as they must be under Section 3582(c)(1)(A).

Section 3553(a) provides that the sentence imposed should reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, protect the public, and provide the defendant with needed medical care in the most effective manner. *See* 18 U.S.C. 3553(a)(2)(A-D). Ferguson committed a serious offense involving a long-running

March 23, 2021).

[12] *Id.*

[13] Centers for Disease Control and Prevention, *For People Living in Prisons and Jails*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/living-prisons-jails.html (last updated March 05, 2021) (discussing how living in prison or jail increases the risk of contracting COVID-19 due to shared space, limited social distancing options, and the influx of staff and visitors who may be positive but unaware).

[14] Federal Bureau of Prisons, *BOP Modified Operations*, https://www.bop.gov/coronavirus/covid19_status.jsp (last visited March 23, 2021); *see also* https://www.bop.gov/coronavirus/ (last visited on March 23, 2021)(showing that 213 inmates at FCI Schuylkill have been fully vaccinated).

[15] The CDC guidelines state that with respect to people with multiple underlying conditions: "The more underlying medical conditions someone has, the greater their risk is for severe illness from COVID-19." Centers for Disease Control and Prevention, *People with Certain Medical Conditions*, *supra* note 4.

scheme to shortchange his many employees in the compensation due to them. ECF No. 54 at 6. While none suffered serious financial harm, a large number suffered significant harm while loyally working for his company for years. *Id.* Based on his release date as reflected on the BOP website, Ferguson has served less than half of the sentence of imprisonment imposed by the Court, which was already a substantial downward variance from the Guidelines range. ECF No. 45 at 1. It would unacceptably depreciate the seriousness of the offense to reduce his term of imprisonment to time served at this point. *See U.S. v. Sherlock*, 17-CR-597 (RJS), 2020 WL 7263520, at *3 (S.D.N.Y. Dec. 10, 2020) (stating that "by releasing [Defendant] early, the Court would be undermining the goals of that already lenient sentence."). While the Court recognizes that the time Ferguson is serving is harsher than expected due to the COVID-19 pandemic, that does not justify the very substantial reduction he seeks in his term of imprisonment. As a result, after considering the facts here in light of the Section 3553(a) factors, I cannot find the requested reduction in Ferguson's term of imprisonment is warranted.

I do not take lightly the danger that COVID-19 poses to inmates, especially those who are medically vulnerable. Nonetheless, I find that, when the Section 3553(a) factors are accounted for in this case, the risk to Ferguson's health posed by COVID-19 does not warrant ending his term of imprisonment. I, therefore, must deny this motion.

For the foregoing reasons, Ferguson's motion to reduce sentence (ECF No. 50) is DENIED. Due to Ferguson's age and medical profile, however, I request that the Warden at Schuylkill prioritize him for the receipt of a vaccine, to the extent he has not already received one. I will rely on defense counsel to communicate my request to the Warden.

IT IS SO ORDERED.

/s/
Michael P. Shea, U.S.D.J.

Dated: Hartford, Connecticut
March 23, 2021